IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| STACY HARRISON, #221 426, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:14-CV-586-WKW |
| | ) | [WO] |
| COMMISSIONER KIM THOMAS, | ) | |
| *et al*., | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint and amendment thereto filed by Plaintiff, a state inmate, incarcerated at the Alex City Work Release Center, in Alex City, Alabama.  Plaintiff seeks to challenge the actions of correctional officials regarding a disciplinary he received in May of 2014 for being in an unauthorized area including  allegations that the contents of the disciplinary record were falsified and that he was intentionally treated differently from other similarly situated inmates who received disciplinaries but were not sanctioned to removal from their work release job and that there was no rational basis for this difference in treatment.  Plaintiff names as defendants Commissioner Kim Thomas, Deputy Commissioner Gwendolyn Mosely, Warden Joseph Womble, Captain Adair, Sergeant Lovelace, Lieutenant Jackson, Correctional Officers Young and Estes, and CEO Kim of SL Alabama.  Plaintiff seeks monetary damages, expungement of the disciplinary, imposition of criminal charges against all guilty

parties,[1] and release of video footage by SL Alabama as evidence.   *Doc. Nos. 1, 8.*

Upon review of the complaint and amendment to the complaint, the court concludes

that dismissal of some claims and defendants prior to service of process is appropriate under

28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2]

## I.  DISCUSSION

*A. Defendants Thomas and Mosely*

Plaintiff names Commissioner Kim Thomas and Deputy Commissioner Gwendolyn

Mosely as defendants alleging he contacted them about threats and violations made against

him regarding the disciplinary in question which they ignored. He further seeks to impose

liability on these defendants for "negligence and inadequate training of staff" which Plaintiff

claims led to the violation of his constitutional rights. These assertions against Defendants

Thomas and Mosely fail to state a claim of constitutional magnitude. *See Parratt v. Taylor*,

451 U.S. 527, 535 (1981) (essential elements of a § 1983 action require that the conduct

complained of was committed by a person acting under state law and that such conduct

deprived a person of rights, privileges, or immunities secured by the Constitution or laws of

---

[1]Plaintiff does not have a constitutional right to see his alleged persecutors punished for their conduct as "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981).

[2]The court granted Plaintiff leave to proceed *in forma pauperis* in this cause of action. *Doc. No. 7.* A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

the United States); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986) ("the protections of the Due Process Clause . . . are just not triggered by lack of due care by prison officials").

To the extent Plaintiff seeks to hold Defendants Thomas and Mosely liable because of their positions of authority, a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of *respondeat superior* or supervisory liability. *Rogers v. Evans,* 792 F.2d 1052, 1058 (11th Cir. 1986); *H.C. by Hewett v. Jarrard,* 786 F.2d 1080 (11th Cir. 1986). Instead a plaintiff must show that the supervisor participated in the alleged constitutional violation or there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *Id.* at 1086-87. "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown v. Crawford,* 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted). Plaintiff does not allege Defendants Thomas and Mosely were personally involved in any of his alleged constitutional deprivations. Moreover, Plaintiff's assertions do not establish the causal connection necessary to hold these defendants responsible for Plaintiff's alleged constitutional deprivations. *Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003).

*B. Defendants Womble, Jackson, Adair, and Young.*

Plaintiff complains that Defendant Womble failed to investigate his concerns

regarding the May 2014 disciplinary including his concern about being removed from his prison job and, instead, passed the matter on to Defendant Jackson who also took no action regarding Plaintiff's concerns and approved his disciplinary. *Doc. No. 8* at 5, 8. Plaintiff further asserts Defendant Womble is inadequately trained and relies on Defendants Jackson and Adair to run the Alex City Work Release Center. Defendants Jackson and Adair, Plaintiff claims, are, however, also inept at running the facility. *Id.* at 5-6. Regarding Defendant Young, Plaintiff claims he failed to testify at his disciplinary hearing. *Id*. at 7.

Section 1983 creates no federal right or benefit; rather, it provides a remedy for enforcing a right or benefit established elsewhere. *See Oklahoma City v. Tuttle,* 471 U.S. 808, 816 (1985). Here, Plaintiff's contention that Defendants Womble and Jackson failed to investigate his reports of a false disciplinary, discrimination, and threats by a correctional officer implicates no constitutional right to which he is entitled. Failing to properly investigate an inmate's complaints does not rise to the level of a separate constitutional violation. Inmates do not enjoy a constitutional right to an investigation of any kind by government officials. *See DeShaney v. Winnebago County Dept. of Social Services,* 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."*).*

Regarding Plaintiff 's challenge to Defendant Young's failure to testify at his disciplinary hearing, Defendant Jackson's conduct in approving his disciplinary, and

-4-

Defendants Womble's, Jackson's, and Adair's alleged ineptness at running the work release facility, such claims are subject to dismissal as they are not only  generalized and conclusory but also implicate no constitutional right to which he is entitled.  *See Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984);  *Ashcroft  v. Iqbal,* 556 U.S. 662, 668 (2009) (*citing Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 555 (2007) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.");  *Marsh v. Butler County,* 268 F.3d 1014, 1036 n.16 (11th  Cir. 2001) ("[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.").   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*., 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570).   Because Plaintiff's assertions against Defendants Womble, Jackson, Adair, and Young are  insufficient to state a claim under § 1983, they are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

C.  *CEO Kim*

Plaintiff indicates he names CEO Kim as a defendant because he has custody of  video footage which would support Plaintiff's version of events regarding the disciplinary about which he complains. *Doc. No. 8* at 8.  This is not a basis for naming an individual as a

defendant to a lawsuit. Accordingly, Defendant Kim is due to be dismissed as a party to the complaint. *See American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

*D. Conspiracy*

Plaintiff contends the named defendants conspired to violate his constitutional rights regarding the disciplinary matters about which he complains. To establish a § 1983 conspiracy claim, "a plaintiff must show among other things, that the defendants 'reached an understanding to violate [his] rights.' " *Rowe v. Fort Lauderdale,* 279 F.3d 1271, 1283 (11th Cir. 2002) (quoting *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988). This requires that Plaintiff provide more than a label or a conclusion. *Twombly,* 550 U.S. at 555. Plaintiff cannot rely on subjective suspicions and unsupported speculation but must provide sufficient facts to show that an agreement was made. *Id*. at 555-56. Besides pleading facts to show that an agreement was reached to deny Plaintiff's rights, an "'underlying actual denial of [his] constitutional rights'" must be shown. *Hadley v. Gutierrez,* 526 F.3d 1324, 1332 (11th Cir. 2008) (quoting *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1370 (11th Cir. 1998).

The court has carefully reviewed Plaintiff's claim of conspiracy. At best, his assertions are self serving, purely conclusory allegations that fail to assert those material facts necessary to establish a conspiracy by Defendants. *See Fullman,* 739 F.2d at 556-57 (holding that a conspiracy allegation that is vague and conclusory fails to state a claim upon

-6-

which relief can be granted and may be dismissed).  Accordingly, the court concludes that Plaintiff's conspiracy claim against the named defendants is due to be dismissed as it is insufficient to support a claim for relief under 42 U.S.C. § 1983.

*E.  Threats*

To the extent Plaintiff complains Defendant Lovelace violated his constitutional rights by subjecting him to threats during his disciplinary hearing, he is entitled to no relief. Derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation.  *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (mere verbal taunts, despite their distressing nature, directed at inmate by jailers do not violate inmate's constitutional rights); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal abuse, including threat of harm, not actionable under § 1983).  Thus, Plaintiff fails to state a cognizable claim regarding the use of threatening language by a correctional officer and this claim is, therefore, due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   Plaintiff's complaint against Defendants Thomas, Mosely, Womble, Adair, Jackson, Young, and Kim be DISMISSED with prejudice prior to service of process under 28 U.S.C.  § 1915(e)(2)(B)(i & ii);

2.   Defendants Thomas, Mosely, Womble, Adair, Jackson, Young, and Kim be

DISMISSED as parties to the complaint;

3.  Plaintiff's § 1983 conspiracy claim against all named Defendants be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(i);

4.  Plaintiff's § 1983 claim of verbal abuse and/or threats against Defendant Lovelace be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(i); and

5.  This case with respect to Plaintiff's remaining claims against Defendants Lovelace and Estes regarding discrimination and falsifying the disciplinary report be referred to the undersigned for further proceedings.

It is further

ORDERED that on or before **August 28**, **2014**, Plaintiff may file an objection to the Recommendation.   Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar a party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See*

*also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 13th day of August 2014.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE